Saul S. Streit, J.
This is a motion by Manuel Alfaro, the manager of the late “Kid” Paret, who died as the result of injuries suffered in a boxing match held on March 24, to vacate or modify a subpoena duces tecum served by the Joint Legislative Committee on Professional Boxing, duly appointed by the New York State Legislature.
The subpoena states that the subject of the committee’s investigation is ‘ ‘ all areas of boxing including * * * the influence of criminal elements upon the conduct of boxing matches in the State of New York and the profits derived from the staging of professional boxing matches within the confines of this State ’ ’. The subpoena calls for the production of books, records, checkbooks, memoranda and bank statements for the years 1945 to 1961, inclusive, ‘ ‘ including books and records of the Tropicana ’ ’, which Alfaro admits he owned and operated.
By joint resolution of the Senate and Assembly, at the close of the 1962 legislative session, the respondent committee was authorized to investigate “ professional boxing in this state One of the “whereas” clauses of the resolution refers to the possibility that “ many boxers, boxing managers and boxing promoters have been and may still be under the control of racketeers, gamblers, convicted felons and other unsavory elements ”, and the resolution recites that it is in the public interest that a complete investigation be conducted into “ all phases of boxing ”, including, if boxing is to be permitted to continue, the question ‘ ‘ whether legislation is necessary to eliminate unsafe, improper or corrupt practices therein ”.
An investigation for the purposes stated in the subpoena is thus clearly within the committee’s power to conduct under the language of the joint resolution. The requirement of the subpoena that Alfaro produce records, checkbooks, bank statements, etc., for the years specified is undoubtedly related to and in furtherance of, the authorized purposes of the investigation. The subpoenaed documents may contain evidence that 11 unsavory elements ” shared in the boxers’ receipts as well as in those of their managers. The contention of Alfaro that the subpoenaed records relate to his private affairs and are unrelated to the authorized scope of the investigation is overruled.
The modification of a prior subpoena served upon Alfaro (17 A D 2d 613) was due to the fact that the subject of the investigation, as stated in that subpoena, was merely the facts relating to *1020 the March 24 fight (in which Paret was fatally injured). The court declared that the books and records sought to be produced could be pertinent only to a broader examination than that declared in the subpoena to be the purpose of the investigation and, for that reason, modified the subpoena by deleting the requirement for the production of books and records. The defect in the previous subpoena has been remedied in the subpoena presently sought to be modified. Motion denied.